IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE WILLIAMS, DENNIS MCLAUGHLIN, JR., CHARLES CRAIG, CHARLES ROBINSON, EDWARD GASDICK, and FRANK TROMBETTA, )<br><br>Plaintiffs, )<br><br>v. )<br><br>LESLIE S. RICHARDS, SCOTT CHRISTIE, H. DANIEL CESSNA, and ANGELO PAMPENA, )<br><br>Defendants. ) | Civil Action No. 16-525<br>Chief Magistrate Judge Maureen P. Kelly |

## OPINION

**KELLY, Chief Magistrate Judge**

Plaintiffs, all of whom are employed by the Pennsylvania Department of Transportation ("PennDOT"), have brought this collective action against four PennDOT officials alleging that Defendants have failed to compensate them for all the hours they work in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

Presently before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim.[1] ECF No. 17. For the reasons that follow, the Motion will be denied.

---

[1] Plaintiffs filed their original Complaint on April 27, 2016, bringing claims against Defendants pursuant to the FLSA for wage violations (Count I) and record keeping violations (Count II). Defendants filed the instant Motion to Dismiss the Complaint on May 17, 2016, arguing that they are immune from suit under the Eleventh Amendment with respect to Plaintiffs' wage violation claim and that there is no individual cause of action under the FLSA for record keeping violations. ECF No. 17. In an Order dated May 20, 2016, the Court suspended the due date for Plaintiff's response to Defendants' Motion to Dismiss pending mediation and also permitted Plaintiffs to file an Amended Complaint. ECF No. 23. Plaintiffs filed their Collective Action First Amended Complaint on June 1, 2016, ECF No. 24, maintaining their FLSA wage violation claim at Count I but, at Count II, abandoned their FLSA record keeping violation claim and instead brought a claim under the FLSA for unlawful retaliation. Thus, although

I.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter or if the plaintiff lacks standing to bring his claim.  Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction.  In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply.  In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint.  See Gould Electronics, Inc. v. U. S., 220 F.3d 169, 176 (3d Cir. 2000).

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint.  See Cal. Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the Court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986).  Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

the Motion to Dismiss does not specifically address Plaintiff's new cause of action for retaliation, the Motion is nevertheless still viable and speaks to both Counts brought in the First Amended Complaint.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## II. DISCUSSION

Defendants maintain that Plaintiff's claims brought under the FLSA are properly dismissed because Defendants are entitled to immunity under the Eleventh Amendment.

The Eleventh Amendment provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The United States Supreme Court has extended the reach of Eleventh Amendment immunity to suits by in-state plaintiffs, "thus barring all suits against non-consenting states in federal court."  Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 253–54 (3d Cir. 2010), *quoting* Lombardo v. Pa. Dep't of Pub. Welfare, 540 F.3d 190, 194 (3d Cir. 2008).  See Hans v. Louisiana, 134 U.S. 1 (1890).[2]  In addition, the Supreme Court has found that an individual state employee sued in his or her official capacity is entitled to Eleventh Amendment immunity "because 'official-capacity suits generally represent only another way of pleading an action' against the state."  Betts v. New Castle Youth Dev. Ctr., 621 F.3d at 254, *quoting*  Hafer v. Melo, 502 U.S. 21, 25 (1991).  Eleventh Amendment immunity, however, does

---

[2] It is undisputed that Pennsylvania has not consented to suit under the FLSA.  Nor is it disputed that Congress has yet to abrogate the immunity enjoyed by Pennsylvania.  See  Borrell v. Bloomsburg Univ., 995 F. Supp. 2d 390, 399-400 (M.D. Pa. 2013), *citing* Lombardo v. Pa., Dep't of Pub. Welfare, 540 F.3d at 195-96 ("However, a State's immunity from suit is not absolute. . . . Congress may abrogate a State's sovereign immunity in enforcing the Fourteenth Amendment, a State may consent to suit by making a clear declaration that it intends to submit itself to federal court jurisdiction, or a state may waive its immunity from suit by invoking federal court jurisdiction voluntarily").

not extend to state officials sued in their individual capacities "even if the actions which are the subject of the suit were part of their official duties." Slinger v. N.J., 366 F. App'x 357, 360–61 (3d Cir. 2010), *citing* Hafer v. Melo, 502 U.S. at 31.  Rather, "'officers sued in their personal capacity come to court as individuals' regardless of the nature of their actions and do not, as in official capacity suits, assume the identity of the government that employs them." Thomas v. Pa. Dep't of Corr., 615 F. Supp. 2d 411, 417–18 (W.D. Pa. 2009), *quoting* Hafer v. Melo, 502 U.S. at 27.  Thus, "even a suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally." Alden v. Me., 527 U.S. 706, 756–57 (1999), *citing* Scheuer v. Rhodes, 416 U.S. 232, 237–238 (1974), and Ford Motor Co. v. Dep't of Treasury of Ind., 323 U.S. 459, 462 (1945).

In the instant case, relying largely on Luder v. Endicott, 253 F.3d 1020 (7th Cir. 2001), and several other cases by which this Court is not bound, Defendants urge the Court to find that they enjoy Eleventh Amendment Immunity under the FLSA even though they have been sued solely in their individual capacities.[3]

In Luder, employees of the Wisconsin Department of Corrections brought suit against their supervisors in their individual capacities alleging, much like Plaintiffs in the instant case, that the defendants forced them to work before and after their official shifts without compensation.  The defendants, like Defendants here, argued that the suit was barred by the Eleventh Amendment even though they were being sued in their individual capacities.  The district court disagreed.  The United States Court of Appeals for the Seventh Circuit, however, reversed, finding that, notwithstanding the general rule that such suits are not barred by the

---

[3] Notably, PennDOT itself is not named as a defendant.

amendment because the plaintiffs were seeking damages from individuals rather than from the state treasury, a court is nevertheless obligated to consider whether the suit "may really and substantially be against the state." Id. at 1023.  Said the court:

> "[A] suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101 n. 11 . . . (1984). . . . Indirect effects are not enough; otherwise the practical necessity for a state to compensate an employee for bearing liability risks would place individual-capacity suits under the bar of the Eleventh Amendment. But a suit nominally against state employees in their individual capacities that *demonstrably* has the *identical* effect as a suit against the state is, we think, barred.

Id. (emphasis in original).  The court found that the plaintiffs sought "to accomplish *exactly* what they would accomplish were they allowed to maintain [their] suit against the state," *i.e.*, "to force the state to accede to their view of the [FLSA] and to pay them accordingly." Id. at 1024 (emphasis in original).  Moreover, although the amount sought by the plaintiffs was unclear at the motion to dismiss stage of the proceedings, the court found that "it obviously exceeds the ability of these four defendants to pay," and the state would have no option but to indemnify the defendants and be forced to pay the plaintiffs the additional wages they sought. Id.  The court went on to state that:

> whether or not the state indemnifies these supervisory employees, these FLSA "employers," it will, if the present suit is allowed to go forward to judgment for the plaintiffs, be forced to pay the plaintiffs the additional wages they seek. The effect will be identical to a suit against the state. The money will flow from the state treasury to the plaintiffs. This is not hypothetical, but inescapable; and it is not a scenario found in any of the cases that have rejected an Eleventh Amendment defense to individual-capacity suits.

5

Id.  The court therefore concluded that the plaintiffs' suit was a transparent "effort at an end run around the Eleventh Amendment," and reversed the district court with instructions to dismiss the suit with prejudice.  Id. at 1025.

Although the Court finds the holding in Luder somewhat compelling, there are several distinctions between Luder and the case at bar.  First, in reaching its decision in Luder, the Court of Appeals for the Seventh Circuit distinguished cases such as this one where the state had a firm policy in place complying with the FLSA, but a supervisor, having misread the requirements regarding overtime, violated that policy as well as the FLSA.  Under such circumstances, the Seventh Circuit Court of Appeals found that "[t]his supervisor in thus violating the Act would be acting in the interest of his employer, not in a purely personal interest that would take him outside of the Act's definition of 'employer.' A suit against him would advance rather than thwart state policy and would impose a minuscule or perhaps even a negative burden on the state."  Id. at 1024.

Here, Plaintiffs have alleged in the First Amended Complaint that, in addition to running afoul of the FLSA, Defendants' actions conflict "with PennDOT's general policy of paying such employees for all time worked which, on information and belief, PennDOT follows in other geographical areas of the Commonwealth." ECF No. 24 at 2, ¶ 1.  Plaintiffs therefore are not seeking to force the state to accede to their view of the FLSA, as were the plaintiffs in Luder, since PennDOT already does so.  Rather, it is the individual Defendants that Plaintiffs seek to hold liable so as to advance the state policy in Allegheny County.  Thus, the effect of the instant action would not be identical to that of a suit against PennDOT or the Commonwealth of Pennsylvania.[4]

---

[4] Indeed, Plaintiffs have noted in their brief in opposition to the instant Motion that they have not alleged in the First Amended Complaint that Defendants were acting in the interest of PennDOT or the Commonwealth of

Second, although the court in <u>Luder</u> found that the state would have no option but to indemnify the defendants in that case, earlier in the opinion the court stated that:

> [t]he fact that the state chooses to indemnify its employees who are sued in federal court is irrelevant, because it is the voluntary choice of the state, not a cost forced on it by the federal-court suit. Likewise irrelevant is the fact that any exposure of state employees to suit in federal court will, by increasing the expected cost of working for the state, compel the state by reason of competition in the labor market to pay its employees more than if they had a blanket immunity from such suits. It is also irrelevant that the judgment may exceed the employee-defendant's capacity to pay unless he is indemnified, which is merely a misfortune for the plaintiffs unless it places additional pressure on the state to cough up the money—but that, like the other labor-market ramifications of liability arising from public employment, is irrelevant too.

<u>Id.</u> at 1023.

Third, although the United States Court of Appeals for the Third Circuit, whose decisions are binding on this Court, has not specifically addressed whether Eleventh Amendment immunity extends to public officials sued in their individual capacities under the FLSA, it has held that public officials may be sued in their individual capacities under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601, *et seq*. <u>Haybarger v. Lawrence Cty. Adult Prob. & Parole</u>, 667 F.3d 408 (3d Cir. 2012). In so finding, the Court of Appeals relied, in part, on the FLSA. Although its decision turned largely on the definition of "employer" under the FMLA, which the Court found "materially identical" to that under the FLSA, <u>id.</u> at 414, *quoting* <u>Modica v. Taylor</u>, 465 F.3d 174, 186 (5th Cir. 2006), the Third Circuit Court of Appeals also found that "the FMLA's similarity to the FLSA indicates that Congress intended for courts to treat the

---

Pennsylvania. ECF No. 37 at 7. Although not agued by Defendants, the question then arises whether Defendants fall within the definition of "employer" under the FLSA. <u>See</u> 29 U.S.C. § 203(d) (defining "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency . . . ."). <u>Cf.</u> <u>In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.</u>, 683 F.3d 462, 468 (3d Cir. 2012) (finding that an employer-employee relationship will be found to exist under the FLSA, where the supervisor has "significant control" over the terms and conditions of the plaintiff's employment).

FMLA the same as the FLSA, rather than treating only specific provisions alike." Id. at 417. See  Kilvitis v. Cty. of Luzerne, 52 F. Supp. 2d 403, 412 (M.D. Pa. 1999) ("[t]he FMLA tracks the statutory language of the [FLSA]").  The Third Circuit Court of Appeals therefore concluded that "[b]ecause the FLSA explicitly provides that an employer includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency . . . the FMLA similarly permits individual liability against supervisors at public agencies.  Id. (internal quotations and citations omitted).  It therefore appears that the Court's holding with respect to individual liability under the FMLA is equally applicable to the FLSA.

Further, although Eleventh Amendment immunity was not at issue in the Court of Appeals for the Third Circuit, the issue was addressed on remand where the District Court for the Western District of Pennsylvania found that such immunity did not extend to government employees sued in their individual capacities under the FMLA.  Haybarger v. Lawrence Cty. Adult Prob. & Parole, 2013 WL 307823, at *2 (W.D. Pa. Jan. 25, 2013) (Lancaster, J.).  It therefore follows that Eleventh Amendment immunity would not extend to government employees sued in their individual capacities under the FLSA.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, ECF No. 17, is properly denied.  Accordingly, the following Order is entered:

**ORDER**

AND NOW, this 7th day of October, 2016, upon consideration of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, ECF No. 17, and

Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss, ECF No. 37,

IT IS HEREBY ORDERED that Defendants' Motion is DENIED.

                                      BY THE COURT:

                                      /s/ Maureen P. Kelly
                                      MAUREEN P. KELLY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE


cc:     All counsel of record by Notice of Electronic Filing