IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE WILLIAMS, DENNIS MCLAUGHLIN, JR., CHARLES CRAIG, CHARLES ROBINSON, EDWARD GASDICK, and FRANK TROMBETTA, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LESLIE S. RICHARDS, Secretary of Pennsylvania Department of Transportation, in her individual capacity; SCOTT CHRISTIE, Deputy Secretary of Highway Administration, Pennsylvania Department of Transportation, in his individual capacity; H. DANIEL CESSNA, District Executive, District 11, Pennsylvania Department of Transportation, in his individual capacity, and ANGELO PAMPENA, Senior Highway Maintenance Manager in District 11 of the Pennsylvania Department of Transportation in his individual capacity,<br><br>Defendants. | No. 2:16-cv-00525-MPK<br><br>Magistrate Judge Kelly<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>***Electronically Filed.*** |

## PENNDOT DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

AND NOW, come Defendants, Richards, Christie, Cessna and Pampena ("the PennDOT Defendants"), by their attorneys, Scott A. Bradley, Senior Deputy Attorney General, and Kenneth L. Joel, Chief Deputy Attorney General, Chief, Litigation Section, and hereby file the within Answer to the First Amended Complaint (Doc. # 24) and, in support thereof, aver as follows:

### FIRST DEFENSE

The Answering Defendants respond to Plaintiff's factual allegations as follows:

### INTRODUCTION

1.-3. These paragraphs contain multiple allegations describing the source and nature of the lawsuit, as well as an identification of the parties; such allegations either contain legal

conclusions or contain multiple assertions in violation of the pleading rules requiring a short and plain statement and are therefore denied, except to the extent that such allegations are admitted or denied below.

## PARTIES

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted.

10. Paragraph 10 is denied as stated; however it is admitted that Defendant Leslie S. Richards is the Secretary of the Pennsylvania Department of Transportation. As such, her duties and responsibilities are set by statute. See 71 P.S. §§ 511 *et seq*. All remaining allegations in this paragraph either contain a legal conclusion or contain multiple assertions in violation of the pleading rules requiring a short and plain statement and are therefore denied. Finally, it is denied that Defendant Richards knew or should have known about the occurrences herein alleged, and is therefore responsible for class members' injuries which were proximately caused by her conduct.

11. Paragraph 11 is denied as stated; however it is admitted that Defendant Scott Christie was the Deputy Secretary for Highway Administration for PennDOT and had an office in Dauphin County, Pennsylvania; however, Defendant Christie retired from PennDOT effective December 3, 2016. In any event, his duties and responsibilities as the Deputy Secretary for Highway Administration were set by statute. See 71 P.S. §§ 511.3, 512 to 519. All remaining allegations in this paragraph either contain a legal conclusion or contain multiple assertions in

violation of the pleading rules requiring a short and plain statement and are therefore denied. Finally, it is denied that Defendant Christie was responsible in some manner for the occurrences herein alleged, and that class members' injuries were proximately caused by his conduct.

12. Paragraph 12 is denied as stated; however it is admitted that Defendant H. Daniel Cessna was previously employed by PennDOT as the District Executive for PennDOT District 11 and maintained an office in Allegheny County, Pennsylvania. By way of further answer, it is averred that Defendant Cessna resigned from PennDOT in or about May of 2017 to take a private sector position. It is denied that while Defendant Cessna was employed as the District Executive for PennDOT District 11, Defendant Pampena was a direct report. It is admitted that Defendant Cessna exercised operational and supervisory authority within District 11. All remaining allegations in this paragraph either contain a legal conclusion or contain multiple assertions in violation of the pleading rules requiring a short and plain statement and are therefore denied. Finally, it is denied that Defendant Cessna was responsible in some manner for the occurrences herein alleged, and that class members' injuries were proximately caused by his conduct.

13. Paragraph 13 is denied as stated; however it is admitted that Defendant Angelo Pampena was the Senior Highway Maintenance Manager for the Allegheny County Maintenance District in PennDOT District 11 and has an office in Allegheny County, Pennsylvania. It is also admitted that Defendant Pampena had operational authority and control over PennDOT construction and maintenance employees and the work they perform, including the manner in which they are compensated for transporting and maintaining equipment and vehicles and recordkeeping prior to and after the starting and ending times of their shifts. It is denied that Defendant Pampena exercised operational control over PennDOT and had authority to make

decisions on behalf of the agency, including the power to hire and fire members of the Collective Class. It is also denied that Defendant Pampena was responsible for initiating and administering the practices complained of in this Complaint with the approval of Defendant Cessna and the acquiescence of the other Defendants. All other allegations in this paragraph either state legal conclusions that require no response or are otherwise denied.

14. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, they are denied.

## JURISDICTION AND VENUE

15. To the extent that this paragraph states a conclusion of law based on Plaintiffs' interpretation of a federal statute, no response is required.

16. To the extent that this paragraph states a conclusion of law based on Plaintiffs' interpretation of a federal statute, no response is required.

## FACTS

17. Paragraph 17 is denied as stated; however, it is admitted that PennDOT constructs and maintains some of the roads and highways in the Commonwealth of Pennsylvania.

18. Paragraph 18 is admitted.

19. Paragraph 19 is admitted to the extent that such factual allegations were true at the time the First Amended Complaint was filed; however, since that time, as previously averred, Defendant Cessna and Defendant Christie are no longer employed by PennDOT.

20. Paragraph 20 is admitted in part and denied in part. It is admitted that Defendant Pampena has operational control of PennDOT's maintenance activities for state roadways and bridges in Allegheny County, including budget and the payroll practices; it is also admitted that

Defendant Pampena has operational control over PennDOT personnel assigned to Summer Specialty Work Crews in Allegheny County. All other allegations in this paragraph are denied.

21. Paragraph 21 is admitted.

22. Paragraph 22 is denied as stated. By way of further response, PennDOT refers to the identified program as the "Summer Maintenance Program" because the work performed generally involves highway and road maintenance rather than construction. Further, it is denied that Defendants assign Transportation Equipment Operators and Highway Maintenance Workers to particular work crews; rather, it is averred that the slots within these work crews are filled, typically through a seniority-based bid process, pursuant to the terms of the applicable collective bargaining agreement covering these positions. The remaining allegations in this paragraph are generally admitted; however, by way of further response, these locations are also referred to as "job sites."

23. The first sentence in Paragraph 23 is denied as stated; however, it is admitted that the worksites or job sites are where the highway and road maintenance work is performed. The second sentence in Paragraph 23 is admitted. The third sentence in Paragraph 23 is denied as stated; however, it is admitted that crews may report to different worksites or job sites over the course of a given summer.

24. Paragraph 24 is admitted.

25. Paragraph 25 is admitted.

26. Paragraph 26 is admitted in part and denied in part. It is admitted that the crew foremen recorded the time worked by each employee assigned to their respective crews. All other allegations in this paragraph are denied.

27. Paragraph 27 is generally admitted; however, it is averred that on occasion a piece of heavy equipment may be left at the job site overnight or over a weekend.

28. Paragraph 28 is denied as stated; however, it is admitted that PennDOT construction vehicles are typically returned from a job site to a PennDOT facility after a work shift and then driven to the job site the next day.  However, it is averred that on occasion a piece of heavy equipment may be left at the job site overnight or over a weekend.  It is denied that members of the Collective Class were specifically directed as to the disposition of their vehicles on a daily basis,

29. Paragraph 29 is denied as stated; however, it is admitted that an M-614 form must be completed prior to utilization of certain PennDOT vehicles, including heavy equipment.  All other allegations in this paragraph are denied.

30. The first sentence in Paragraph 30 is denied as stated.  By way of further response, it is admitted that PennDOT vehicles are returned to a PennDOT facility at the conclusion of the work day; however, it is averred that on occasion a piece of heavy equipment may be left at the job site overnight or over a weekend.  The second and third sentences in Paragraph 30 are denied or denied as stated.  By way of further response, it is averred that an M-614 form must be completed after the utilization of certain PennDOT vehicles, including heavy equipment.

31. Paragraph 31 is denied as stated; however, it is admitted that PennDOT employees who worked in Allegheny County and were assigned to Summer Program Crews were permitted to transport PennDOT vehicles from the PennDOT facility closest to their residence to the job site and return to that same PennDOT facility at the end of the work day rather than reporting to work at the job site.  With respect to the remaining allegations in this paragraph, Defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny those allegations.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied stated. By way of further response, upon information and belief, members of the Collective Class were compensated for all time actually spent performing work duties.

34. To the extent that this paragraph states a conclusion of law based on Plaintiffs' interpretation of a federal statute, no response is required; to the extent an answer is required, any allegations of fact in this paragraph are denied.

35. To the extent that this paragraph states a conclusion of law based on Plaintiffs' interpretation of a federal statute, no response is required; to the extent an answer is required, any allegations of fact in this paragraph are denied.

36. To the extent that this paragraph states a conclusion of law based on Plaintiffs' interpretation of a federal statute, no response is required; to the extent an answer is required, any allegations of fact in this paragraph are denied.

37. Paragraph 37 is denied as stated.

38. Paragraph 38 is admitted.

39. Paragraph 39 is denied as stated. However, it is admitted that Defendant Pampena was advised of the existence of the instant lawsuit and, after speaking with the Human Relations Office at District 11, Defendant Pampena advised employees and the union for the covered local bargaining unit (AFSCME) that the terms of the contract which required job site reporting would be in effect and that PennDOT employees would not be permitted to commute to job sites in PennDOT vehicles.

40. Paragraph 40 is a hypothetical statement, which requires no response. However; to the extent an answer is required, any allegations of fact in this paragraph are denied.

41. After reasonable investigation, the Answering Defendants lack adequate knowledge, information or belief as to the truth of the remaining allegations in Paragraph 41. Therefore, they are denied.

42. Paragraph 42 is denied as stated. By way of further response, it is averred that the meeting was convened at the request of Scott Rosemeier, the President of the union covering the local bargaining unit.

43. Paragraph 43 is denied as stated; however, it is admitted that Carmen Angotti, Lead Assistant County Manager for District 11, and Dean Schmidt, District 11's Assistant County Manager assigned to the Paving Crew, were also present at the May 5, 2016 meeting. It is further admitted that Angotti and Schmidt are direct reports to Defendant Pampena; however, it is denied that Defendant Pampena was a direct report of any of the other Defendants.

44. Paragraph 44 is denied as stated; however, it is admitted that there was a request for an explanation from Defendant Pampena why job site reporting was now in effect and why PennDOT employees would no longer be permitted to commute to job sites in PennDOT vehicles.

45. Paragraph 45 is denied as stated; however, it is admitted that Defendant Pampena advised the attendees of the meeting that the terms of the contract which required job site reporting would be in effect and that PennDOT employees would not be permitted to commute to job sites in PennDOT vehicles.

46. Paragraph 46 is denied as stated; however, it is admitted that Defendant Pampena had a copy of the complaint in his possession during the meeting.

47. Paragraph 47 is denied as stated; by way of further response, while Defendant Pampena may have acknowledged the existence of the lawsuit, he did so with no retaliatory intent. Moreover, Defendant Pampena made no specific reference to Plaintiffs –either individually or collectively– during this meeting.

48. Paragraph 48 is denied as stated; however, it is admitted that Defendant Pampena was aware that some of the attendees at the meeting were upset. Nevertheless, Defendant Pampena tried to maintain a positive view of the events, and encouraged everyone to "put this behind us" and move forward in a productive manner. Defendant Pampena also solicited potential solutions and ideas for improvements going forward from the attendees.

49. After reasonable investigation, the Answering Defendants lack adequate knowledge, information or belief as to the truth of the remaining allegations in Paragraph 49. Therefore, they are denied. By way of further response, Defendant Pampena made no specific reference to Plaintiffs –either individually or collectively– during this meeting.

50. After reasonable investigation, the Answering Defendants lack adequate knowledge, information or belief as to the truth of the allegations in Paragraph 50. Therefore, they are denied.

51. Paragraph 51 is denied as stated; however, it is admitted that Defendant Pampena may have said something similar, although his intent was to move the focus off the disagreements and to keep the group positive and focused on the job at hand. With respect to the allegation regarding one meeting attendee's understanding of Defendant Pampena's comments, after reasonable investigation, the Answering Defendants lack adequate knowledge, information or belief as to the truth of this allegation; therefore, it is denied.

9

52. After reasonable investigation, the Answering Defendants lack adequate knowledge, information or belief as to the truth of the allegations in Paragraph 52. Therefore, they are denied.

53. Paragraph 53 contains a legal conclusion, to which no response is required. To the extent that Paragraph 53 contains any factual allegations, they are denied.

## COLLECTIVE ACTION ALLEGATIONS

54. Paragraph 54 contains a description of the source of Plaintiffs' legal claim in this action, to which no response is required. To the extent a response is required, it is admitted that Plaintiffs are asserting claims under the FLSA, 29 U.S.C. § 216(b).

55. Paragraph 55 contains legal conclusions, to which no response is required. To the extent that Paragraph 55 contains any factual allegations, they are denied.

56. Paragraph 56 contains a description of the nature of Plaintiffs' legal claim in this action, to which no response is required. To the extent a response is required, it is admitted that Plaintiffs are asserting claims for uncompensated time working under the FLSA, 29 U.S.C. § 216(b).

57. Paragraph 57 is admitted to the extent that it alleges that PennDOT maintains records that may be used to determine the number and identity of persons yet to opt-in and consent to be party plaintiffs in this action. However; after reasonable investigation, the Answering Defendants lack adequate knowledge, information or belief as to the truth of the remaining allegations in Paragraph 57. Therefore, they are denied.

58. Paragraph 58 is admitted.

59. After reasonable investigation, the Answering Defendants lack adequate knowledge, information or belief as to the truth of the allegations in Paragraph 59. Therefore, they are denied.

## COUNT ONE
## Fair Labor Standards Act – Wage Violations

60. Paragraph 60 is a statement of incorporation, to which no response is required. To the extent any response is required, the foregoing allegations are admitted or denied as previously answered herein.

61. Paragraph 61 contains a legal conclusion, to which no response is required. To the extent that Paragraph 61 contains any factual allegations, they are denied.

62. Paragraph 62 contains a legal conclusion, to which no response is required. To the extent that Paragraph 62 contains any factual allegations, they are denied.

63. Paragraph 63 references a federal statute which, as a written document, speaks for itself. To the extent that any factual allegations set forth in Paragraph 63 are inconsistent with the terms of the written document, they are denied.

64. Paragraph 64 references a federal statute which, as a written document, speaks for itself. To the extent that any factual allegations set forth in Paragraph 64 are inconsistent with the terms of the written document, they are denied.

65. Paragraph 65 contains a legal conclusion, to which no response is required. To the extent that Paragraph 65 contains any factual allegations, they are denied.

66. Paragraph 66 is denied as stated.

67. Paragraph 67 is denied as stated.

68. Paragraph 68 contains legal conclusions, to which no response is required. To the extent that Paragraph 68 contains any factual allegations, after reasonable investigation, the

Answering Defendants lack adequate knowledge, information or belief as to the truth of such allegations in Paragraph 68. Therefore, they are denied.

69. Paragraph 69 is admitted to the extent that it alleges that PennDOT maintains certain records. However; after reasonable investigation, the Answering Defendants lack adequate knowledge, information or belief as to the truth of the remaining allegations in Paragraph 69. Therefore, they are denied.

## COUNT TWO
### Fair Labor Standards Act -- Retaliation

70. Paragraph 70 is a statement of incorporation, to which no response is required. To the extent any response is required, the foregoing allegations are admitted or denied as previously answered herein.

71. Paragraph 71 contains a legal conclusion, to which no response is required. To the extent that Paragraph 71 contains any factual allegations, they are denied.

72. Paragraph 72 contains a legal conclusion, to which no response is required. To the extent that Paragraph 72 contains any factual allegations, they are denied.

73. Paragraph 73 contains a legal conclusion, to which no response is required. To the extent that Paragraph 73 contains any factual allegations, they are denied.

74. Paragraph 74 contains legal conclusions, to which no response is required. To the extent that Paragraph 74 contains any factual allegations, they are denied.

75. Paragraph 75 contains legal conclusions, to which no response is required. To the extent that Paragraph 75 contains any factual allegations, they are denied.

76. Paragraph 76 is denied as stated.

77. Paragraph 77 is denied as stated. By way of further response, the meeting was convened at the request of the union covering the local bargaining unit.

78. Paragraph 78 contains legal conclusions, to which no response is required. To the extent that Paragraph 78 contains any factual allegations, they are denied.

79. Paragraph 79 contains legal conclusions, to which no response is required. To the extent that Paragraph 79 contains any factual allegations, they are denied.

## PRAYER FOR RELIEF

80. The next unnumbered paragraph, including its subparts, is a Prayer for Relief, to which no response is required.

## DEMAND FOR JURY TRIAL

81. The next unnumbered paragraph, including its subparts is a Demand for Jury Trial, to which no response is required.

WHEREFORE, the Answering Defendants request that judgment be entered in their favor and against the Plaintiffs.

## SECOND DEFENSE

The Plaintiffs have failed to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Plaintiffs' own conduct caused any injuries or damages that they may have suffered.

## FOURTH DEFENSE

The Plaintiffs were not deprived of any rights under the Fair Labor Standards Act.

## FIFTH DEFENSE

The Eleventh Amendment protects the individual Answering Defendants against any and all claims brought against them in their official capacity.

**SIXTH DEFENSE**

The First Amended Complaint and certain claims therein may be barred by the Eleventh Amendment to the United States Constitution.

**SEVENTH DEFENSE**

The Answering Defendants are entitled to all immunities and protections under the law, including sovereign immunity and qualified immunity.

**EIGHTH DEFENSE**

At no time did the Answering Defendants deprive Plaintiffs of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

**NINTH DEFENSE**

Plaintiff's claims are barred by the applicable Statute of Limitations or are otherwise time-barred.

**TENTH DEFENSE**

The Answering Defendants assert the affirmative defense of laches. Based on information and belief, Plaintiffs have been aware of the violations alleged herein for a period of years and unreasonably delayed bringing the present claims.

**ELEVENTH DEFENSE**

The Answering Defendants have at all times acted in good faith and in an objectively reasonable manner with a reasonable belief in the lawfulness of their actions.

**TWELFTH DEFENSE**

The Answering Defendants are entitled to all applicable affirmative defenses.

**THIRTEENTH DEFENSE**

Plaintiffs are entitled to no relief, whether compensatory, injunctive, punitive or otherwise.

**FOURTEENTH DEFENSE**

The Amended Complaint, in whole or in part, is barred by any applicable collective bargaining agreement including any and all appropriate defenses found therein.

**FIFTEENTH DEFENSE**

The Answering Defendants reserve the right to amend this pleading as needed or necessary.

WHEREFORE, The Answering Defendants denies any and all liability to the Plaintiffs and demand judgment in its favor with costs.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**

WHEREFORE, the Answering Defendants request that judgment be entered in their favor and against the Plaintiffs.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

   s/ Scott A. Bradley
Scott A. Bradley
Senior Deputy Attorney General
Attorney I.D. No. 44627

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219
Phone: (412) 565-3586
Fax:    (412) 565-3019

Kenneth L. Joel
Chief Deputy Attorney General
Litigation Section

Date:  August 10, 2017